IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER TRACY HENDERSON HOLLOWAY, Toll Booth Employment;<br><br>Petitioner,<br><br>vs.<br><br>WALTER HOLLOWAY, Identity Thief; and MARY ELLIS,<br><br>Respondents. | 8:22CV226<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on initial review of Petitioner Walter Tracy Henderson Holloway's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, Filing No. 1. Also before the Court is correspondence docketed as a motion to amend Holloway's Habeas Petition, Filing No. 5, and other correspondence at Filing No. 4 and Filing No. 7 that appear to be supplements to Holloway's Habeas Petition. The Court will dismiss the Petition for lack of jurisdiction because Holloway is not "in custody" for purposes of 28 U.S.C. § 2254, and neither the Motion to Amend nor the other supplemental filings cure this jurisdictional defect.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2254(a)); *see also Leonard v. Nix*, 55 F.3d 370, 372–73 (8th Cir. 1995); *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991). If the petitioner is not "in custody" when he files the petition, the Court lacks subject-matter jurisdiction to consider it. *See*

*Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021); *see also Maleng*, 490 U.S. at 490. Although "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody," the petitioner must show he is subject to "conditions which significantly confine and restrain his freedom." *Jones v. Cunningham*, 371 U.S. 236, 239, 243 (1963). A person whose sentence has fully expired at the time his petition is filed cannot satisfy the custody requirement." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991). "[A] habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.'" *Wright*, 141 S. Ct. at 1468 (quoting *Maleng*, 490 U.S. at 492).

Holloway's filings indicate he was not in custody when he filed his Petition. To the extent Plaintiff's filings can be deciphered, he indicates that at the time he filed his Petition he lived at 3030 Meredith Ave. in Omaha, Nebraska and now resides at the Siena Francis House in Omaha, Nebraska. See Filing No. 7. His Petition's only reference to an ongoing sentence is "On Going Insanity, 'But' of Employment of Toll Booth's (sic)." Filing No. 1 at CM/ECF p. 1. Holloway has referenced "insanity" as an ongoing sentence in previous cases. *See, e.g., Holloway v. Held Records of DMV et al.*, No. 8:21-cv-207, Filing No. 9 CM/ECF p. 2 (Aug. 2, 2021). However, ongoing mental distress resulting from incarceration does not satisfy the "in custody" requirement of § 2254. *See Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). Even though

Holloway might have experienced, might still be experiencing, or might experience in the future, some adverse consequences from his previous incarceration, those collateral consequences do not cause him to currently be "in custody" in for purposes of § 2254(a). *See id.* As best the Court can discern, Holloway makes no other allegation or showing that he was in custody at the time of the Petition's filing.

Additionally, although Holloway alleges he was convicted in Douglas County District Court, there is no state court record[1] showing Holloway is presently in custody or was in custody at the time he filed the Petition. A search of Holloway's name in Nebraska Department of Corrections[2] and Douglas County Department of Corrections[3] publicly available records indicates he is not presently incarcerated and has not been for several years. Additionally, a search of Nebraska's judicial records[4] reveals no criminal case for which Holloway is currently incarcerated. The records search, combined with Holloway's statements and other filings, shows that Holloway is not "in custody" for purposes of § 2254.

In sum, because Holloway was not incarcerated when he filed his Habeas Petition, he cannot satisfy the "in custody" prerequisite for seeking federal habeas corpus review of that conviction. To the extent Holloway's allegations are discernible, his supplemental filings and Motion to Amend do not address the custody requirement or make any allegations, even broadly construed, that suggests Holloway is "in custody" for purposes

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).
[2] Nebraska Department of Corrections inmate search available at https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html (last visited Aug. 16, 2022).
[3] Douglas County, Nebraska Department of Corrections inmate locator available at https://corrections.dccorr.com/inmate-locator (last visited Aug. 16, 2022).
[4] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

of § 2254. Accordingly, the Court lacks jurisdiction over this case and will dismiss the petition without prejudice, see *Love v. Tippy*, 128 F.3d 1258, 1258–59 (8th Cir. 1997) (per curiam), and Holloway's Motion to Amend will be denied.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court applied the appropriate standard and determined that Holloway is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED:

1. Petitioner Walter Tracy Henderson Holloway's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, Filing No. 1, is dismissed without prejudice for lack of jurisdiction;

2. The correspondence docketed as a motion to amend the Habeas Petition, Filing No. 5, is denied;

2. No certificate of appealability has been or will be issued; and

3. A judgment will be entered by separate document.

Dated this 19th day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge